# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| STEEL HUGGERS LLC, | ) Case No. 23-15295-TBM |
| EIN: 45-4791084, | ) Chapter 7 |
| | ) |
| Debtor. | ) |

## LIMITED OBJECTION TO
## MOTION TO WITHDRAW AS COUNSEL TO THE DEBTOR

Jared C. Walters, as Chapter 7 Trustee (the "Trustee"), for his Limited Objection to Motion to Withdraw as Counsel for the Debtor, states as follows:

1. On November 15, 2023, (the "Petition Date"), Steel Huggers LLC (the "Debtor") filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing bankruptcy case number 23-15295-TBM (the "Bankruptcy Case"). *See* Dkt. #1.

2. On January 24, 2024, at the hearing on Debtor's Motion for Authority to use Cash Collateral (Dkt. #17) and the objection filed by the Colorado Department of Revenue (Dkt. #85), the Debtor made an oral motion to convert the Debtor's case to a case under chapter 7 of the Bankruptcy Code. *See* Minutes of Proceeding, Dkt. #121.

3. On January 24, 2024, the Court entered its Order Converting Case under Chapter 11 to Case under Chapter 7. Dkt. #119 (the "Conversion Order").

4. The Trustee is the duly appointed Chapter 7 Trustee in the Debtor's Bankruptcy Case. *See* Dkt. #125.

5. Two days after the Conversion Order, Debtor's counsel of record, Kutner Brinen Dickey Riley, P.C. ("Debtor's Counsel"), filed its Motion to Withdraw as Counsel for the

Debtor, Dkt. #127 (the "Withdrawal Motion). The Withdrawal Motion was served with a notice and objection deadline of seven (7) days pursuant to L.B.R. 9010-4(a)(2) (erroneously cited as Local Bankruptcy Rule 910(e) in the Withdrawal Motion).

6. Under the Court's Conversion Order, the Debtor is required to take certain actions, and "to file a schedule of unpaid debts incurred after the commencement of the Chapter 11 case, including the name and address of each creditor, as required by Fed. R. Bankr. P. 1019(5)(A)(i)." The Debtor is also required to "file and transmit to the United States Trustee a final report and account, as required by Fed. R. Bankr. P. 1019(5)(A)(ii)." Finally, the Conversion Order requires the Debtor to "file the statements and schedules required by Fed. R. Bankr. P. 1019(1)(A) and 1007(b), if such documents have not already been filed."

7. The Trustee accordingly objects to the Withdrawal Motion on a limited basis. Insofar as the Debtor cannot appear in this Court without counsel, or file the required documents without counsel, Debtor's Counsel should be required to complete the matters as ordered by the Court before withdrawing from the representation. The Trustee's limited objection is not simply academic, insofar as the Debtor operated in Chapter 11 for more than two months, and a significant number of employees have contacted the Trustee already about unpaid wages due after the Petition Date, among other things.

8. Administration of the Bankruptcy Case in Chapter 7 thus requires the Debtor, and Debtor's Counsel, to file the pleadings required by the Conversion Order. The Trustee cannot complete these matters on the Debtor's behalf, and these matters are included in the services that Debtor's Counsel agreed to in its own employment application, Dkt. #7, ¶ 5(e). Debtor's Counsel accordingly should complete the few matters required by the Conversion Order before the relief requested in the Withdrawal Motion is appropriate.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court deny the Withdrawal Motion pending the Debtor's and Debtor's Counsel's compliance with the Conversion Order, and enter such other relief as deemed appropriate.

Dated this 2nd day of February, 2024.

**BALLARD SPAHR LLP**

By: */s/ Theodore J. Hartl*
  Theodore J. Hartl, #32409
1225 17th Street, Suite 2300
Denver, CO, 80202
Telephone: (303) 292-2400
Facsimile: (303) 296-3956
hartlt@ballardspahr.com

*Proposed Counsel for Jared Walters, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on or before February 2, 2024, the foregoing **LIMITED OBJECTION TO MOTION TO WITHDRAW AS COUNSEL FOR THE DEBTOR**, was served electronically via CM/ECF to all counsel of record, and by U.S. Mail, first class postage prepaid, to the following parties:

Jenny M.F. Fujii
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street
Ste 1720
Denver, CO 80264

Steel Huggers LLC
14309 North 83rd Street
Longmont, CO 80503

/s/ *Brandon Blessing*
Brandon Blessing